# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

In re:                                                                  Case No. 13-60326-LKG

SCOTT ALAN BREWER,                                      Chapter 13

   Debtor.

_____/

## AGREED ORDER DENYING RREF RB ACQUISITIONS, LLC'S OBJECTION TO THE TRUSTEE'S REPORT OF PLAN COMPLETION AND MOTION TO COMPEL DEBTOR TO COMPLY WITH CONFIRMED PLAN AND CONFIRMATION ORDER AND RETAINING JURISDICTION TO ENFORCE TERMS OF SETTLEMENT

THIS matter came before the Court without hearing on the Objection to the Trustee's Report of Plan [D.E. 33] and Motion to Compel Debtor to Comply with Confirmed Plan and Confirmation Order [D.E. 37] filed by RREF RB ACQUISITIONS, LLC ("RREF").  The Court having been advised on the agreement of RREF and the Debtor to the entry of this Order, it is

**ORDERED** as follows:

1.  The Objection to the Trustee's Report of Plan filed by RREF is overruled.

2.  RREF's Motion to Compel Debtor to Comply with Confirmed Plan and Confirmation Order is denied.

3.  The Court retains jurisdiction to enforce the terms of the settlement attached hereto as Exhibit "A".

Counsel for the moving party shall serve a copy of this order by mail to all interested parties who were not served electronically

ENTERED: November 10, 2015

                                                                              /s/ Laura K Grandy
                                         UNITED STATES BANKRUPTCY JUDGE-11

{M1068008.1}

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

In re:                                                   Case No. 13-60326-LKG

SCOTT ALAN BREWER,                                       Chapter 13
    Debtor.

_____/

SETTLEMENT AGREEMENT BETWEEN
RREF RB SBL-IL SBSB, LLC AND SCOTT ALAN BREWER

This settlement agreement (the "Agreement"), dated as of this 26 day of August, 2015, is entered into by and between RREF RB SBL-IL SBSB, LLC as assignee of RREF RB ACQUISITIONS, LLC ("RREF") on the one hand and SCOTT ALAN BREWER (the "Debtor") on the other hand (collectively, the "Parties").

RECITALS

WHEREAS, RREF's secured claims are set forth in Claims 2, 3, 4, 5 & 6, all filed on December 17, 2013 (the "Secured Claims"), which in the interests of brevity are fully incorporated herein.

WHEREAS, the collateral securing Secured Claim 2 is commonly known as 401 E Adams Ave., Casey IL 62420.

WHEREAS, the collateral securing Secured Claim 3 is commonly known as 4-6 Central Avenue, Casey IL 62420.

WHEREAS, the collateral securing Secured Claim 4 is commonly known as 207 East Jefferson Street, 407 E. Washington and 108 S.E. 2ND Street, Casey IL 62420.

{M1023268.3}                                    1

WHEREAS, the collateral securing Secured Claim 5 is commonly known as 107 N.W. 2ND, 605 South Central Avenue, 205 East Madison Street and 105 N.W. 2ND Street, Casey, IL 62420.

WHEREAS, the collateral securing Secured Claim 6 is commonly known as 19 SW 1st Street and 13 South Central Avenue, Casey, Illinois 62420.

WHEREAS, Debtor's Chapter 13 Plan (the "Plan") [D.E. 2] provides that Debtor is to distribute the "[n]et proceeds from Section 363 sales for properties encumbered by mortgages granted to RREF RB Acquisitions, L.L.C.".

WHEREAS, on January 1, 2014, the Court entered its Order Confirming Chapter 13 Plan (the "Confirmation Order") [D.E. 26].

WHEREAS, RREF alleges that the Debtor has failed to comply with both the Plan and the Confirmation Order because he has not sold any of the above-referenced properties.

WHEREAS, the Chapter 13 Trustee has filed his Report of Plan Completion, Request For Termination of Wage Order and Order Concerning Discharge (the "Trustee's Report") [D.E. 31]

WHEREAS, RREF has filed its Limited Objection to the Trustee's Report (the "Objection") [D.E. 33].

WHEREAS, RREF has filed a Motion to Compel Debtor to Comply With Confirmed Plan and Confirmation Order (the "Motion to Compel") [D.E. 37].

## PAYMENT TERMS AND RELEASES

NOW, THEREFORE, in consideration of the foregoing facts, and the terms and conditions set forth herein, the Parties hereto agree as follows:

1. It is hereby stipulated that each of the facts set forth in the recitals above is true and incorporated herein by reference.

2. This Agreement shall be an exhibit to an Agreed Order Denying the Motion to Compel, with the Court retaining jurisdiction to enforce the terms of this Agreement.

3. Within seven (7) days of the execution of this Agreement, Debtor shall execute deeds in lieu (along with any other related documents) in favor of RREF or its assignee as to all of the above-referenced properties, with RREF or its assignee having the option to record the deeds in lieu at any time and in its sole discretion.

4. Debtor shall not defend or otherwise oppose any foreclosure action initiated by RREF or its assignee in connection with any of the above-referenced properties.

5. Debtor agrees to the appointment of a State Court Receiver for all of the above-referenced properties. RREF or its assignee shall have the sole discretion to select the State Court Receiver who shall only be appointed if RREF or its assignee, in its sole discretion, chooses to have a State Court Receiver appointed.

6. Debtor agrees that the State Court Receiver shall be permitted to market and sell the above-referenced properties upon appointment.

7. Debtor shall co-operate with the State Court Receiver.

8. In the event that the State Court Receiver is able to procure a purchaser for any of the above-referenced properties, Debtor shall execute any documents that would be deemed necessary to transfer title to the purchaser (and thereby eliminate the need for the recording of the deed in lieu for any such property).

9. After receipt of the deeds in lieu (along with any other related documents) for each of the above-referenced properties, RREF shall submit an Agreed Order Denying its Motion to Compel and file a Notice of Withdrawal of the Objection and the case can be closed without the Debtor receiving a discharge.

10. The Parties hereby acknowledge that they have been represented by independent legal counsel of their own choice, throughout all the negotiations which preceded the execution of this Agreement and that they have executed this Agreement after receiving the advice of such independent legal counsel, and without reliance upon any promise or representation of any person or persons acting for or on behalf of the other Parties except as expressly set forth in this Agreement. The Parties further acknowledge that they or counsel have had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution of this Agreement. Counsel for each Party has read and approved the language of this Agreement.

11. To induce RREF, the Debtor, for himself and his respective agents, attorneys, successors, predecessors, affiliates, members, heirs, personal representatives and assigns, release RREF and its manager(s), attorney(s) in fact and affiliates (including but not limited to Rialto Capital Advisors, LLC and Rialto Capital Advisors of New York, LLC), Quantum Servicing Corporation, and RREF RB ACQUISITIONS-FL, LLC, and each of their respective successors, assigns, officers, directors, shareholders, partners, employees, agents, affiliates, parents, divisions, and attorneys (collectively, the "Released Parties"), jointly and severally, from any and all claims, counterclaims, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action for contribution and indemnity, whether arising at law or in equity (including without limitation, claims of fraud, duress, mistake, tortious interference, usury, or control), whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not asserted, for or because of or as a result of

{M1023268.3}                                    4

any act, omission, communication, transaction, occurrence, representation, promise, damage, breach of contract, fraud, violation of any statute or law, commission of any tort, or any other matter whatsoever or thing done, omitted or suffered to be done by the Released Parties, which have occurred in whole or in part, or were initiated at any time from the beginning of time up to and immediately preceding the moment of the execution of this stipulation. Debtors agree that the foregoing release and waiver is intended to be as broad and inclusive as permitted by the laws of the State of Illinois.

12. The United States Bankruptcy Court, Southern District of Illinois – Benton Division, shall retain sole and exclusive jurisdiction over this Agreement, and any Order(s) arising therefrom, and any disputes relating thereto.

13. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties.

14. This Agreement may be executed in counterparts which, taken together, shall constitute one and the same agreement and shall be effective as of the date first written above. A facsimile signature shall be deemed an original.

15. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations and agreements, written or oral. This Agreement may not be altered or amended except by an instrument in writing executed by all of the Parties hereto.

16. The undersigned Parties hereby certify that they have full authority to enter into this Agreement, and have read this entire Agreement and fully understand it and agree to it in its entirety and to be bound by same.

-remainder of page intentionally left blank-

17. All parties to this Agreement shall pay their own fees and costs, including attorneys' fees.

**WHEREFORE**, the Parties hereto have entered into this agreement on August 26, 2015.

| | |
|---|---|
| *[signature]*<br>SCOTT ALAN BREWER | RREF RB SBL-IL SBSB, LLC, an Illinois limited liability company,<br><br>RREF RB ACQUISITIONS, LLC, a Delaware limited liability company<br><br>By: Rialto Capital Advisors, LLC, a Delaware limited liability company, its attorney-in-fact<br><br>By: *[signature]*<br>Name: Jonathan Levy<br>Title: Authorized Signatory<br><br>By: *[signature]*<br>Name: Leslie Sharpe<br>Title: Authorized Signatory |
| Approved as to form only:<br><br>*[signature]*<br>Roy Jackson Dent<br>Attorney for Debtor | Approved as to form only:<br><br>*[signature]*<br>Mark S. Roher, Esq.<br>Attorney for RREF RB SBL-IL SBSB, LLC |

{M1023268.3}                              6